IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN ADMIRALTY

CASE NO. 12-CV-22000 SEITZ/Simonton

IN RE THE COMPLAINT OF:
ROYAL CARIBBEAN CRUISES LTD.,
as owner of the Ocean Pro 31 vessel bearing
Hull Identification No. CNXO0014A303
for Exoneration from or Limitation of Liability.

       Petitioner/Counter-Respondent,

v.

DARREN JACKSON and SUSAN MORAVEC,

       Respondent/Counter-Claimant/Third-Party Plaintiff,

v.

NINO ABARQUEZ and RAMON MUSNGI,

       Third-Party Defendants.

_____/

## PETITIONER, ROYAL CARIBBEAN CRUISES LTD.'S MOTION TO STRIKE AFFIRMATIVE DEFENSES 2-16 AND MOTION TO DISMISS COUNTERCLAIM

       Petitioner/Counter-Respondent, ROYAL CARIBBEAN CRUISES LTD. ("RCCL") moves

this Court for entry of an Order striking the affirmative defenses 2-16 of Claimants DARREN

JACKSON ("Jackson") and SUSAN MORAVEC ("Moravec) pursuant to the Federal Rules of Civil

Procedure Rule 12(f) and Dismissing the Counterclaim pursuant to Federal Rule of Civil Procedure

Rule 12(b)(6) against Royal Caribbean and as grounds therefore states as follows:

## I.      BACKGROUND

This suit under the Limitation Act was initiated by Royal Caribbean, seeking exoneration from or, in the alternative, limitation of liability for an incident involving a parasail boat in the waters off the coast of Labadee, Haiti. Claimants, Jackson and Moravec allege that on November 2, 2011, "While in tow and attached to the parasail canopy, the Claimants were lowered back onto the subject vessel by the Third-Party Defendants, the tow line lost tension, and the Claimants rapidly fell from midair onto or around the stern of the subject parasail vessel and into the ocean." [D.E. 23 at p. 9]. The Counterclaim asserts one count of negligence against RCCL, with a laundry list of alleged breaches of duty by RCCL, however, the counterclaim is devoid of any *factual* allegations to support the alleged breaches of duty. Further, the Counterclaim does not contain any facts that explain how any of the alleged breaches of duty was the proximate cause of Claimants' alleged injuries. Accordingly, the Counterclaim should be dismissed for failure to state a claim upon which relief can be granted.

RCCL also moves to strike Claimants' affirmative defenses for failure to satisfy the pleading requirements of Federal rule of Civil Procedure 8 and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) as Claimants' affirmative defenses are legal conclusions and fail to allege adequate factual support. The majority of Claimants' affirmative defenses should also be stricken as they are denials rather than affirmative defenses.

## II.     MOTION TO DISMISS - MEMORANDUM OF LAW

### A.  <u>Legal Standard for Motion to Dismiss</u>

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain

statement of the claim showing that the pleader is entitled to relief."  In order to survive a motion to dismiss, the facts as pleaded must state a claim to relief that is plausible on its face.  *Ridley v. NCL (Bahamas) Ltd.*, Case No. 10-22711-cv-King, 2010 U.S. Dist. LEXIS 109025 *4 (S.D. Fla. Oct. 13, 2010) (internal citations omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged…Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal citations and quotations omitted).  "A complaint must also contain enough facts to indicate the presence of the required elements." *Christman v. City of Ft. Pierce*, Case No. 11-14322-cv-Moore, 2011 U.S. Dist. LEXIS 146844 *4 (S.D. Fla. Dec. 20, 2011) (internal quotations omitted).  "Conclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal." *Id.* The "pleading standard Rule 8 announces does not require 'detailed factual allegations,' but demands more than an unadorned, the defendant-unlawfully harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly,* 550 U.S. at 555). Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

### B.  <u>This Action is Governed by General Maritime Law</u>

"'Federal maritime law applies to actions arising from alleged torts 'committed aboard a ship sailing in navigable waters," and also 'extends to torts occurring at offshore locations or ports-of-call during the course of a cruise.'" *Gayou v. Celebrity Cruises, Inc.*, 2012 U.S. Dist. LEXIS 77536, 14 (S.D. Fla. June 5, 2012) (citing *Smolnikar v. Royal Caribbean Cruises, Ltd.*, 787 F. Supp. 2d 1309, 1315 (S.D.

**FOREMAN FRIEDMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077**

Fla. 2011)).  As this lawsuit arises from alleged negligence which occurred while the Claimants were on a shore excursion during the course of their cruise on the *Explorer of the Seas*, general maritime law governs this action.

### C.  Claimants Fail to State a Claim for Negligence Against RCCL

#### i.  Claimaints Have Failed to Adequately Allege a Breach of RCCL's Duty to Claimants

In order to adequately state a claim for negligence against RCCL, the Claimants must allege that RCCL breached a duty owed to Claimants and that duty proximately caused injury to the Claimants. *See, e.g., Isherner v. Celebrity Cruises, Inc.*, Case No. 06-60447-cv-Lenard, 2006 U.S. Dist. LEXIS 94934 (S.D. Fla. Dec. 21, 2006).  In maritime cases sounding in negligence, the appropriate duty of care is reasonable care under the circumstances.  *Fischer v. S/Y Neraida*, 508 F.3d 586, 594-595 (11th Cir. 2007).  Claimants have alleged that "RCCL . . . breached its duty to provide Claimants with reasonable or ordinary care under the circumstances" [D.E. 19 ¶23] but have provided no factual basis to support a breach of this duty.

Here, Claimants allege (41) distinct breaches of duty.  [D.E. 19, ¶¶  22, 24].  The allegations contained in the Counterclaim to support a breach of duty amount to nothing more than "legal conclusion[s] couched as factual allegation[s]." *Iqbal*, 129 S.Ct. at 1950.  Claimants' Counterclaim is similar to the complaint in *Resolution Trust Corp. v. Harwood*, No. 3:393CV110-MU (W.D.N.C. Aug. 1, 1994) where the complaint was dismissed for insufficient pleading under Rule 8.  In *Harwood*, the plaintiff alleged a laundry list of fiduciary duties and then generally alleged that the defendant had breached those duties.  The complaint was deemed insufficient because it "failed to provide 'a single specific example of how and when these duties were breached.'" *Resolution Trust Corp. v. Bernard*, 1995 U.S. Dist. LEXIS 12819, 33 (M.D.N.C. Aug. 9, 1995) (discussing the *Harwood* Slip Op.).

According to the Court,

> Vague, conclusory assertions simply fail to provide Defendants with enough of a factual basis to respond meaningfully to the Complaint as it is drafted. Among numerous other failures, the Complaint fails to identify either the time period in which the Defendants allegedly breached the laundry list of duties set forth in the Complaint or the specific conduct that amounted to the alleged breached. Hence, this complaint is entirely lacking any detail that would give the necessary fair notice required under the Federal Rules.
> *Id.*

The Court addressed a similar pleading deficiency in *Gayou v. Celebrity Cruises, Inc.*, 2012 U.S. Dist. LEXIS 77536, 14 (S.D. Fla. June 5, 2012). In *Gayou*, the plaintiff was injured on a shore excursion while participating in a zip line ride. The plaintiff brought a claim for negligence against Celebrity Cruises, alleging that Celebrity breached its duty to use reasonable care under the circumstances and providing a laundry list of breaches by Celebrity in support of this contention. The Court held that, while the plaintiff alleged a "host of breaches" there were "no underlying facts" which would support the breach of the particular duty owed. In the face of this pleading deficiency, the plaintiff's negligence claim failed as a matter of law because the plaintiff failed to show that Celebrity breached its duty. *Gayou*, 2012 U.S. Dist. LEXIS 77536, at 14 (citing *Koens v. Royal Caribbean Cruises, Ltd.*, 774 F. Supp. 2d 1215, 1220 (S.D. Fla. 2011); *Isbell v. Carnival Corp.*, 462 F. Supp. 2d 1232, 1237 (S.D. Fla. 2006)).

Likewise, in *Lapidus v. NCL Am. LLC*, 2012 U.S. Dist. LEXIS 82720, 9 (S.D. Fla. June 14, 2012), this Court dismissed a claim for negligence where the plaintiff was injured during the course of a shore excursion and failed to adequately allege in his complaint any facts to establish a breach of the applicable duty. As the Claimants here have similarly failed to plead facts to support the legal duty owed under maritime law and a breach of that duty, the Negligence Counterclaim against RCCL should be dismissed. *See, e.g.*, *Lapidus*, 2012 U.S. Dist. LEXIS 82720, at 9; *Gayou*, 2012 U.S.

Dist. LEXIS 77536, at 16 ("[A]ny alleged breaches, and the duties associated therewith, must be consistent with federal maritime law and must be supported by underlying factual allegations.") (citing *White v. NCL Am., Inc. & Norwegian Cruise Line Ltd.*, 2007 U.S. Dist. LEXIS 8357, at *1-2 (S.D. Fla. Feb. 5, 2007); *Stires v. Carnival Corp.*, 243 F. Supp. 2d 1313, 1318 (M.D. Fla. 2002).

The Court also determined in, *Llado-Carreno v. Guidant Corp.*, 2011 U.S. Dist. LEXIS 17088, 9-10 (S.D. Fla. Feb 22, 2011), that the complaint did not state a plausible claim for negligence where, as here, the complaint simply listed various duties prefixed with the words "failing to" and provided no factual allegations.  As the Court in *Llado-Carreno* noted, the complaint's fatal flaw was that it "contain[ed] almost no factual material relevant to Plaintiff's claims." Here, the Claimants' Counterclaim likewise fails as a matter of law given the utter lack of factual support for its conclusory allegations.  *See also Pfister v. State Farm Fire & Cas. Co.*, 2011 U.S. Dist. LEXIS 92556 (W.D. Pa. 2011) ("Plaintiff's allegation is inadequate because it contains no specific facts that 'describe who, what, where, when, and how the alleged bad faith conduct occurred.'") (quoting *Liberty Ins. Corp. v. PGT Trucking, Inc.*, 2011 U.S. Dist. LEXIS 68444 (W.D. Pa. June 27, 2011); *Liberty Ins. Corp.*, 2011 U.S. Dist. LEXIS 68444, at 13-14 ("It is not sufficient for [plaintiff] to plead the mere existence of an [element] and then to list the myriad of ways in which [conduct imposing liability] might, theoretically, have occurred.  Such bare-bones insinuations do not satisfy the *Twombly* standard.") (citations omitted); *Bethel v. Bosch*, 2010 U.S. Dist. LEXIS 128065, 22-23 (S.D. Ala. Dec. 2, 2010)(reprimanding plaintiffs for filing complaints that rattle off a laundry list of causes of action without providing facts to support a basis for each and every legal theory); *Carlson v. Bush*, 2007 U.S. Dist. LEXIS 77677 (M.D. Fla. Oct. 18, 2007) (disposing from Plaintiffs laundry-list of claims those that were unsupported by applicable facts). Because the Counterclaim fails to adequately allege any

breach of duty by RCCL, it should be dismissed for failure to state a cause of action.

### ii. Claimants' Counterclaim for Negligence fails to adequately allege causation

The Claimants' Counterclaim fails to state a cause of action for negligence for the additional reason that it is completely devoid any factual allegations to support the Claimants' conclusion that their alleged injuries were caused by any breach of duty by the Respondent, its agents, servants and/or employees. The Claimants merely provide a laundry list of theories under which RCCL could have been negligent, provide no facts to support those theories, and then allege in a conclusory fashion that these forty-one alleged breaches of duty <u>all</u> caused the Claimants to be injured. [D.E. 19 ¶ 24] (alleging 41 breaches of duty, "[a]ll of which caused the Claimants to be injured"). There are no facts in the Counterclaim to support the allegation that any alleged breach of any duty caused the Claimants' injuries.

The allegations in Claimants' counterclaim do not state a claim to relief that is plausible on its face. *See Tropical Paradise Resorts, LLC. V. Clarendon America Ins. Co.*, 2008 U.S. Dist. LEXIS 66496, at 2 (S.D. Fla. Aug. 20, 2008) (noting that the facts as pled must state a claim to relief that is plausible on its face in order to survive a motion to dismiss) (citing *Twombly*, 127 S.Ct. 1955 (2007)). The Claimants' counterclaim consists of nothing more than a mere "formulaic recitation of the elements of a cause of action," which is not enough to survive a motion to dismiss under the Rule 8 pleading standards articulated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007). *See Watts v. Fla. Int'l University*, 495 F.3d 1289, 1295 (11th Cir. 2007). Here, Claimants have failed to meet the requisite pleading standard as they have provided no facts that create "more than [a mere suspicion] of a legally cognizable right of action." *See Twombly*, 127 S.Ct. 1955 (2007).

Claimants have failed to allege what their injuries were or how they were proximately caused

by RCCL's alleged breach of duty.  Claimants list forty-one (41) distinct alleged breaches of duty [DE 19, ¶ 24], but have failed to allege specific facts to support these forty-one allegations.  Out of the forty-one alleged breaches of duty by RCCL, there is not a single one accompanied by factual support that would render the claim plausible on its face.  These conclusory allegations do not suffice to survive a motion to dismiss.  *See Llado-Carreno v. Guidant Corp.*, 2011 U.S. Dist. LEXIS 17088, 9-10 (S.D. Fla. Feb. 22, 2011) (complaint did not state a plausible claim for negligence where the complaint simply listed various duties prefixed with the words "failing to" and provided no supporting factual allegations).

The Claimants' conclusory allegations are insufficient to place RCCL on proper notice of the alleged cause in fact of the Claimants' alleged injuries.  The Counterclaim is completely devoid of any factual allegations describing what specific conduct caused the Claimants' injuries.  Rather, Claimants allege that all of the 41 alleged breached of duty caused their injuries without any facts or explanation as to how any individual alleged breach of duty in fact caused their injuries.  [D.E. 19 ¶ 24]. As such, claimants have inadequately pled causation.  *See Lapidus*, 2012 U.S. Dist. LEXIS 82720, at 9 (dismissing a claim for negligence on a shore excursion where no facts were alleged to support causation); *Llado-Carreno v. Guidant Corp.*, 2011 U.S. Dist. LEXIS 17088, 9-10 (S.D. Fla. Feb. 22, 2011). This is insufficient to allege causation, and the Counterclaim should be dismissed.[1]

### III.   MOTION TO STRIKE AFFIRMATIVE DEFENSES – MEMORANDUM OF LAW

---

[1] Furthermore, the negligence claim as pled will ultimately determine the scope of discovery.  As currently framed, the negligence claim is facially insufficient and sets forth 41 possible breaches of duty without factual support.  If allowed to proceed despite the pleading insufficiencies, RCCL will be faced with overly burdensome discovery in light of the indiscernible scope of the Counterclaim's allegations.  *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368-1370 (11th Cir. Ga. 1997)(holding that the district court must evaluate and dismiss a nonmeritorious claim before the start of discovery).

**FOREMAN FRIEDMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077**

## Motion to Strike Affirmative Defenses 2-16

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." An affirmative defense is insufficient as a matter of law if it does not meet the general pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). *See Sciacca v. Oceania Cruises, Inc.*, 2012 U.S. Dist. LEXIS 19339 at *3 (S.D. Fla., Feb. 16, 2012) (citing *Mid-Continent Casualty Co.*, 765 F.Supp.2d 1360, 1362 (S.D.Fla. 2011); *Sace BT S.p.A. v. Italkitchen Int'l, Inc.*, 2012 U.S. Dist. LEXIS 1860 at *2-3 (S.D. Fla., Jan. 6, 2012). Claimant has alleged 16 "affirmative defenses," 15 of which are either bare conclusions of law, legal arguments couched as factual allegations, or denials, none of which are appropriate affirmative defenses.

Affirmative Defenses Nos. 2-8, 10-11 and 15 are denials rather than affirmative defenses and should be stricken. *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. Fla. 1988) ("A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense."); *See also Sciacca v. Oceania*, 2012 U.S. Dist. LEXIS 19339 ("If an affirmative defense points out a defect in the prima facie case of a plaintiff, that affirmative defense is not actually an affirmative defense, it is a denial."). For instance, Claimant's second affirmative defense alleges in pertinent part that the petitioner is not entitled to exoneration or limitation of liability because "at all times material, the master was with privity or knowledge of any and all negligent conditions and/or defects and/or unseaworthiness of the vessel(s) which may have caused or contributed to Claimant's injuries." This "affirmative defense" is no more than a denial of Petitioner's allegation that it was without privity or knowledge of any negligent condition and/or defect of the vessel(s) which may have caused or

contributed to the injuries of the Claimant. Similarly, Claimant's seventh affirmative defense stating that Petitioner is not entitled to exoneration or limitation of liability "because the accident and any and all damages, injuries and losses resulting from the incident were caused or contributed to by the fault, design, neglect, negligence, or want of due care by RCCL and/or its agents and/or employees and/or servants and/or apparent agents" is a denial of Petitioners allegations. "By definition, an 'affirmative defense' is established when a defendant admits to the essential facts of the complaint, but sets forth other facts in justification and/or avoidance." *Neuman v. CTRL Sys.*, 2009 U.S. Dist. LEXIS 115119 at *3 (S.D. Fla., Nov. 18, 2009). Affirmative defenses 2-7, 10-11 and 15 do not admit to any essential facts of the petition and set forth other facts in justification or avoidance, they merely deny petitioner's allegations. Accordingly, these affirmative defenses should be stricken.

Affirmative defenses 9, 12, and 16 all fail to satisfy the pleading requirements of Federal Rule of Civil Procedure 8 and *Twombly* as they merely state legal conclusions without any factual basis. *See Sace BT S.p.A. v. Italkitchen Int'l, Inc.*, 2012 U.S. Dist. LEXIS 1860 at *4. For instance, affirmative defense 9 alleges that "RCCL is not entitled to exoneration or limitation of liability because it caused these injuries by intentionally and/or recklessly violating its own safety procedures." This "affirmative defense" in no way provides any sort of factual basis or allegations as to what safety procedures were violated and how they were violated. Similarly, affirmative defense 16 merely states that "RCCL is jointly and severally liable for the negligent acts of third parties, including but not limited to Nino Abarquez and Ramon Musngi, not entitled to exoneration and or limitation of liability." Further, these defenses do not admit to the essential facts of the complaint, and set forth other facts in justification and/or avoidance, and accordingly they do not qualify as affirmative defenses. *Neuman v. CTRL Sys.*, 2009 U.S. Dist. LEXIS 115119 at *3.These "affirmative defenses"

are bare legal conclusions, containing no facts, and do not meet the definition of affirmative defenses. Accordingly, affirmative defenses 9, 12, and 16 should be stricken.

Affirmative defenses 13 and 14 are insufficient on their face as they raise defenses that are clearly invalid. Affirmative defense 13 asserts that the petitioner is not entitled to exoneration or limitation of liability "because it failed to exercise a high degree of control and supervision so as to avoid the incident in question." It is well settled law that the appropriate standard of care in a maritime case involving allegations of negligence is reasonable care under the circumstances. *See Fischer v. S/Y Neraida*, 508 F.3d 586 at 594-595 (11th Cir. 2007). Claimant's 13th affirmative defense asserts a standard of care that is inapplicable to the present proceedings. Claimant's 14th affirmative defense likewise states a faulty legal standard. It alleges that "RCCL is not entitled to exoneration or limitation of liability because the incident occurred as a result of human error." The claimant is essentially alleging that the petitioner is not entitled to exoneration or limitation of liability because the subject incident was caused by negligence. The purpose behind a petition for exoneration from or limitation of liability is to establish either that the petitioner was not negligent or in the alternative that any negligence was occasioned without the privity or knowledge of the owner of the vessel involved. Therefore, this affirmative defense constitutes no more than either a denial of petitioner's allegation of no negligence, or an insufficient defense to limitation as the relevant inquiry is not whether negligence occurred, but rather whether that negligence was occasioned with the privity or knowledge of the owner of the vessel. Affirmative defenses 13 and 14 should, therefore, be stricken.

## IV.    CONCLUSION

Claimants' Counterclaim alleging one count for negligence against RCCL should be dismissed because Claimants have failed to allege sufficient factual matter to satisfy the requirements

of *Twombly* as they has failed allege any facts as to how the 41 alleged duties were breached or how any one of the 41 alleged breaches caused their injuries. Additionally, Claimants' affirmative defenses 2-16 should be stricken as they are all legally insufficient on their face.

WHEREFORE the Petitioner/Counter-Respondent, Royal Caribbean Cruises Ltd., hereby requests that this Court enter an Order dismissing Claimants' Counterclaim and striking Claimants' affirmative defenses 2-16.

DATED September 17, 2012.
Miami, Florida

Respectfully submitted,

**FOREMAN FRIEDMAN, PA**
*Attorneys for Petitioners*
One Biscayne Tower - Suite 2300
2 South Biscayne Boulevard
Miami, Florida  33131
Tel.: 305-358-6555/ Fax 305-374-9077

By: /s/  *Elisha Sullivan*
**DARREN W. FRIEDMAN**
Florida Bar No.: 0146765
dfriedman@fflegal.com
**ELISHA SULLIVAN**
Florida Bar No.: 0057559
esullivan@fflegal.com

-and-

RANDY S. GINSBERG, ESQ.
Florida Bar No.: 185485
rginsberg@rccl.com
Royal Caribbean Cruises, Ltd.
1050 Caribbean Way
Miami, FL 33132
*Co-Counsel for Petitioner*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on this 17th day of September, 2012. We also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

By: */s/___Elisha Sullivan_____*
DARREN W. FRIEDMAN, ESQ.
ELISHA SULLIVAN, ESQ.

## SERVICE LIST
### CASE NO. 12-CV-2200 SEITZ/Simonton

Eric C. Morales, Esq. (FBN 91875)
Emorales@lipcon.com
Michael A. Winkleman, Esq. (FBN 36719)
Mwinkleman@lipcon.com
Lipcon, Margulies, Alsina &
Winkleman, PA
One Biscayne Tower - #1776
2 South Biscayne Boulevard
Miami, Florida 33131
Tel: 305-373-3016/Fax: 305-373-6204
Counsel for Claimants

Darren W. Friedman, Esq. (FBN 0146765)
dfriedman@fflegal.com
Elisha Sullivan, Esq. (FBN 57559)
esullivan@fflegal.com
FOREMAN FRIEDMAN, PA
One Biscayne Tower – Suite #2300
2 South Biscayne Boulevard
Miami, Florida 33131
Tel: 305-358-6555/Fax: 305-374-9077
Counsel for Petitioner