UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 12-22000-CIV-SEITZ/SIMONTON

ROYAL CARIBBEAN CRUISES, LTD.,
as owner of the Ocean Pro 31 vessel bearing
Hull Identification No. CNXO0014A303 for
Exoneration from or Limitation of Liability,

      Petitioner/Counter-Respondent

vs.

DARREN JACKSON and SUSAN MORAVEC,

      Respondents/Counter-Claimants/Third-Party Plaintiffs,.

vs.

NINO ABARQUEZ and RAMON MUSNGI,

      Third-Party Defendants.
_____/

## ORDER GRANTING MOTION TO DISMISS COUNTERCLAIM AND GRANTING IN PART MOTION TO STRIKE

THIS MATTER is before the Court on Royal Caribbean Cruises, Ltd.'s Motion to Strike Affirmative Defenses 2-16 and Motion to Dismiss Counterclaim [DE-29]. Royal Caribbean Cruises, Ltd. (RCCL) filed this action for exoneration or limitation of liability after Respondents Darren Jackson and Susan Moravec were injured in a parasailing accident while on an RCCL cruise. Respondents filed an Answer, sixteen affirmative defenses and a counterclaim against RCCL and the third-party Defendants for negligence. RCCL now moves to strike Respondents' Affirmative Defenses and to dismiss the negligence counterclaim against RCCL. The Motion to Dismiss is granted because Respondents have failed to adequately allege facts that RCCL breached its duties to Respondents. Because Respondents' Affirmative Defenses do not meet

pleading standards, set out the wrong legal standard, or are mere denials, the Motion to Strike is granted with leave to replead.

## I. The Counterclaim

Respondents' counterclaim against RCCL alleges that Respondents, while on a cruise operated by RCCL, purchased and participated in a shore excursion to go parasailing. The shore excursion was also operated by RCCL and its employees, including the two third-party defendants. While in tow and attached to the parasail canopy, Respondents were lowered back into the parasail vessel by the third-party defendants. At that time, the tow line lost tension and the Respondents fell from midair into the ocean near the stern of the parasail vessel and were injured.

Respondents allege that they were injured due to RCCL's negligence caused by forty-one itemized failures. The specifics alleged are that RCCL: (a) Failed to provide a safe excursion; and/or (b) Failed to provide an excursion with proper equipment and/or adequately maintained equipment; and/or (c) Failed to warn Plaintiff of the dangers with respect to going on the excursion; and/or (d) Failed to cancel the subject excursion; and/or (e) Failed to ensure that properly trained and supervised persons operated the subject excursion; and/or (f) Failed to provide an excursion that utilized proper and adequate equipment and/or properly and adequately maintained equipment; and/or (g) Had a shore excursion that was not competently operated; and/or (h) Failed to properly supervise and oversee the excursion marketed, advertised, offered and sold to its guests; and/or (i) Failed to require that its agents, employees and/or joint venturers initiate safety policies and practices and/or execute and comply with existing rules, regulations, policies and practices regarding the inspection and/or monitoring and/or maintenance of

equipment; (j) Failed to properly and adequately inspect the equipment used on the shore excursion; (k) Failed to promulgate, enforce, and/or follow adequate policies and/or procedures for inspecting and/or monitoring and/or maintain the equipment used on the shore excursion; and/or (l) Failed to provide proper emergency medical care; and/or (m) Failed to provide prompt and proper medical care; and/or (n) Failed to adequately describe the subject excursion to the Claimants; and/or (o) Failed to adequately describe the level of activity required in the subject shore excursion so as to enable the Claimants to evaluate the subject activities in light of their experience and level of ability; and/or (p) Failed to provide adequate assistance to the Claimants during the subject excursion; and/or (q) Failed to promulgate and/or enforce adequate policies and procedures so as to provide adequate assistance to the Claimants during the subject excursion; and/or (r) Operated the subject parasail vessel at an unreasonable/unsafe rate of speed; and/or (s) Designated an inexperienced employee(s) to operate the subject shore excursion at the time the Claimants were injured; and/or (t) Negligently hired of an inexperienced crew member(s) to operate the subject shore excursion at the time the Claimants were injured; and/or (u) Used unseaworthy vessels vessel during the subject excursion that Claimants suffered their injuries described above; and/or (v) Negligently failed to assure that tour operators were appropriately supervised; and/or (w) Negligently allowed the tour operators to operate the subject parasail vessel at an unreasonable rate of speed; and/or (x) Failed to properly train the tour operators in the safe operation of the subject parasail vessel and in avoiding/detecting hazardous conditions; and/or (y) Negligently failed to provide tour participants with appropriate training and guidance in participating in the subject shore excursion; and/or (z) Negligently operated and maintained the subject parasail vessel improperly under dangerous conditions; and/or (aa) Failed

to have an adequate number of employees supervising and/or operating the subject shore excursion and/or subject parasail vessel; and/or (bb) Failed to properly and adequately inspect the equipment used on the subject shore excursion and/or subject parasail vessel; and/or (cc) Failed to take into account passenger payload when selecting a parasail canopy to be used by the Claimants during the subject excursion; and/or (dd) Allowed Claimants to participate simultaneously in the subject excursion knowing that the passenger payload exceeded the maximum safe passenger payload allowed for the specific parasail canopy to be used by the Claimants; and/or (ee) Failed to take into account the Claimants total body weight to be able to correctly choose an adequate parasail canopy to be used by the Claimants; and/or (ff) Failed to take into account wind speed when selecting a parasail canopy for Claimants to be used during the subject excursion; and/or (gg) Failed to provide a safety briefing to Claimants prior to the start of the subject excursion, including but not limited to: (i) safety precautions while onboard the subject parasail vessel; (ii) a detailed explanation of parasailing activity; (iii) emergency procedures in the event of an unexpected emergency; and/or (iv) the proper use of hand signals by the excursion participants; (hh) Failed to excuse any passengers, who are visibly afraid, from participating in the subject excursion; and/or (ii) Failed to check the surrounding weather visually and/or with weather radar; and/or (jj) Failed to monitor wind speed and direction; and/or (kk) Failed to monitor sea conditions before and/or during the subject excursion; and/or (ll) Allowed the subject parasail vessel to be operated (with the Claimants attached to the parasail canopy and while in tow) in waves exceeding the height known to be reasonable and safe to operate the subject excursion; and/or (mm) Allowed the subject parasail vessel to be operated (with Claimants attached to the parasail canopy and while in tow) in cross and/or down wind

conditions; and/or (nn) Failed to utilize a proper winch on the subject parasail vessel; and/or (oo) Failed to provide the subject parasail vessel with a winch or similar mechanical device. The counterclaim continues by alleging that all of these failures caused Respondents to be injured.

## II. The Affirmative Defenses

Respondents raise sixteen affirmative defenses to RCCL's exoneration and limitation of liability action. As pleaded, they are:

1. RCCL is not entitled to exoneration or limitation of liability because it failed to bring its Complaint (or Petition) for Exoneration or Limitation of Liability within six (6) months of the Claimant(s) giving written notice of a claim. See 46 U.S.C. § 30511(a).

2. RCCL is not entitled to exoneration or limitation of liability because the privity or knowledge of the master of the vessel (the RCCL employees believed to be operating the parasail vessel - Niño Abarquez and Ramon Musngi) is deemed conclusively within the privity of knowledge of the owner (RCCL). At all times material, the master was with privity or knowledge of any and all negligent conditions and/or defects and/or unseaworthiness of the vessel(s) which may have caused or contributed to Claimants injuries. Furthermore, at all times material, the master was with privity or knowledge that he was operating the vessel in a negligent and/or grossly negligent manner.

3. RCCL is not entitled to exoneration or limitation of liability because the accident happened – and the losses, damages or injuries resulting therefrom were done, occasioned and incurred – with the privity or knowledge of RCCL and/or its agents and/or employees and/or servants and/or apparent agents. At all times material, RCCL could have and should have obtained the necessary information by reasonable inquiry or inspection.

4. RCCL is not entitled to exoneration or limitation of liability because the failure of equipment, and any and all resulting loss, damage and/or injury was done or occasioned and incurred with the privity or knowledge of RCCL and/or its agents and/or employees and/or servants and/or apparent agents. At all times material, RCCL could have and should have obtained the necessary information by reasonable inquiry or inspection.

5. RCCL is not entitled to exoneration or limitation of liability because RCCL and/or its agents and/or employees and/or servants and/or apparent agents, are now and/or were at the time of the incident, with privity or knowledge of any and all negligent conditions and/or defects of the vessel(s) which may have caused or contributed to Claimants injuries. At all times material, RCCL could have and should have obtained the necessary information by reasonably inquiry or inspection.

6. RCCL is not entitled to exoneration or limitation of liability, because RCCL's negligence and/or the negligence of its agents, was the proximate cause of the Claimants injuries.

7. RCCL is not entitled to exoneration or limitation of liability because the accident and any and all damages, injuries and losses resulting from the incident were caused or contributed to by the fault, design, neglect, negligence, or want of due care by RCCL and/or its agents and/or employees and/or servants and/or apparent agents.

8. RCCL is not entitled to exoneration or limitation of liability because RCCL and/or its agents were negligent and/or grossly negligent, causing Claimants injuries.

9. RCCL is not entitled to exoneration or limitation of liability because it caused these injuries intentionally and/or recklessly violating its own safety procedures.

10. RCCL is not entitled to exoneration or limitation of liability because the subject parasail vessel was unseaworthy, and such conditions of unseaworthiness caused the incident in question.

11. RCCL is not entitled to exoneration or limitation of liability because the subject parasail vessel was unsafe and unfit, causing the incident in question.

12. RCCL is not entitled to exoneration or limitation of liability because the subject parasail vessel is an inherently defective and ultra hazardous vessel, causing the incident in question.

13. RCCL is not entitled to exoneration or limitation of liability because it failed to exercise a high degree of control and supervision so as to avoid the incident in question.

14. RCCL is not entitled to exoneration or limitation of liability because the incident occurred as a result of human error.

15. The value of the limitation fund proposed by RCCL is insufficient and inaccurate because the subject vessels involved in the incident were part of a common flotilla of vessels including, but not limited to, the subject parasail vessel and/or the cruise ship, M/S Explorer of the Seas. It is believed, therefore, that the correct value of the limitation fund exceeds One Hundred Million Dollars ($100,000,000).

16. RCCL is jointly and severally liable for the negligent acts of third parties, including but not limited to Niño Abarquez and Ramon Musngi, not entitled to exoneration and/or limitation of liability.

RCCL seeks to strike all but the first affirmative defense.

### III. The Motion to Dismiss

RCCL moves to dismiss the negligence counterclaim against it pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Respondents have failed to adequately allege a cause of action because Respondents have only pled conclusions without supporting facts. Because Respondents have failed to adequately plead their negligence claim against RCCL, consistent with the pleading requirements of *Iqbal* and *Twombly*, the motion is granted.

#### A. *Motion To Dismiss Standard*

The purpose of a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the facial sufficiency of a complaint. The rule permits dismissal of a complaint that fails to state a claim upon which relief can be granted. It should be read alongside Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and a "formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When a complaint is challenged under Rule 12(b)(6), a court will presume that all well-pleaded allegations are true and view the pleadings in the light most favorable to the plaintiff. *American United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007). However, once a court "identifies pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," it must determine whether the well-pled facts "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint can only survive a 12(b)(6) motion to dismiss if it contains factual allegations that are

"enough to raise a right to relief above the speculative level, on the assumption that all the [factual] allegations in the complaint are true." *Twombly*, 550 U.S. at 555. However, a well-pled complaint survives a motion to dismiss "even if it strikes a savvy judge that actual proof of these facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556.

### B. The Motion to Dismiss is Granted

As set out above, Respondents' counterclaim sets out forty-one ways in which RCCL allegedly breached its duty to Respondents. RCCL maintains that the forty-one subparagraphs are nothing more than legal conclusions and, therefore, should be dismissed for failure to meet the pleading requirements of *Iqbal* and *Twombly*. RCCL further maintains that several of these negligence sub-claims assert a heightened duty that RCCL does not owe to Respondents. RCCL also asserts that the counterclaim has failed to adequately allege causation. Respondents respond that they have adequately pled their claim for negligence against RCCL.

A review of the facts and the breaches of duty alleged in the counterclaim leads to the conclusion that Respondents have failed to allege a connection between the facts and the alleged breaches. For example, Respondents allege numerous failures regarding the provision and maintenance of equipment;[1] yet, Respondents allege no facts that indicate that their injuries were caused by equipment failures. Another example: Respondents make numerous allegations about breaches relating to the weather,[2] yet do not allege any facts about the weather at the time of the

---

[1] *See* subparagraphs b, f, j, k, u, bb, and oo.

[2] *See* subparagraphs ii, jj, kk, ll, and mm.

excursion. Thus, Respondents have failed to allege adequate facts to support the alleged duty breaches set out in their counterclaim against RCCL.

Furthermore, there are few if any facts that establish causation. For example, there are no facts that would explain why RCCL's failure to excuse passengers who were visibly afraid, as alleged in subparagraph hh, led to Respondents' injuries. Respondents' conclusive statement following the forty-one subparagraphs that "All of which caused the Claimants to be injured" is insufficient to allege causation under the actual facts pled in the counterclaim. Thus, RCCL's motion to dismiss is granted with leave to replead. In drafting their amended pleading, Respondents should be guided by Federal Rule of Civil Procedure 11, as well as the standard set out in *Iqbal* and *Twombly*. "Kitchen sink" pleading will not suffice.

Finally, as raised in RCCL's reply, several of Respondents' alleged duty breaches are based on duties that RCCL does not have. Under *Barbetta v. S/S Bermuda Star*, 848 F.2d 1364, 1371 (5th Cir. 1988), a carrier has no duty to furnish medical care to its passengers. Thus, subparagraphs l and m, which allege a failure to provide proper emergency medical care and a failure to provide prompt and proper medical care, are dismissed with prejudice.[3]

## IV. The Motion to Strike

RCCL seeks to strike Respondents Affirmative Defenses 2-16. RCCL seeks to strike Affirmative Defenses 2-8, 10-11, and 15 because they are denials, not affirmative defenses; to strike Affirmative Defenses 9, 12, and 16 for failure to comply with the pleading standard set out

---

[3] Respondents' counsel are seasoned maritime attorneys and should be more than aware that no such duty is owed by RCCL. The Court expects that in repleading counsel will use its experience to draft a more detailed, focused, and succinct counterclaim.

in *Iqbal* and *Twombly*; and to strike Affirmative Defenses 13 and 14 because they are invalid defenses. Respondents assert that they have sufficiently pled their defenses.

### A. *Affirmative Defenses 2-8, 10-11, and 15 are Denials*

RCCL seeks to strike Affirmative Defenses 2-8, 10-11, and 15 because they are actually denials. As explained by Judge Ryskamp:

> By its very definition, "[a]n affirmative defense is established only when a defendant admits the essential facts of a complaint and sets up other facts in justification or avoidance." *Will v. Richardson-Merrell, Inc.*, 647 F. Supp. 544, 547 (S.D. Ga. 1986) (emphasis in the original). Thus, a defense which simply points out a defect or lack of evidence in a plaintiff's case is not an affirmative defense. *See In re Rawson Food Service, Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988).

*Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005). However, when a specific denial is labeled as an affirmative defense, a court will generally treat the defense as a denial and the proper remedy is not to strike the defense but to treat it as a specific denial. *F.D.I.C. v. Bristol Home Mortgage Lending, LLC*, 2009 WL 2488302, *3 (S.D. Fla. 2009). Because Affirmative Defenses 2-8, 10-11, and 15 do not admit the essential facts of the complaint but instead point out defects in RCCL's case, they are denials not affirmative defenses.

In order to establish its right to exoneration or limitation of liability, RCCL must show that it did not have knowledge or privity of these acts of negligence or unseaworthiness that caused the injury. *See* 46 U.S.C. § 30505(a); *Hercules Carriers, Inc. v. Claimant State of Florida*, 768 F.2d 1558, 1563 (11th Cir. 1985). Thus, any affirmative defense that asserts that RCCL did have privity or knowledge is actually a denial. Consequently, Affirmative Defenses 2-8 are specific denials and will be treated as such. Affirmative Defense 15, regarding the value of

the limitation fund is also a denial of one of Respondents' allegations. Thus, it will also be treated as such. Affirmative Defenses 10 and 11, alleging that the parasail vessel was unseaworthy and unfit, are also denials and will be treated as such. Consequently, the Motion to Strike is denied as to Affirmative Defenses 2-8, 10-11, and 15; however, Affirmative Defenses 2-8, 10-11, and 15 will be treated as denials.

### B. Affirmative Defenses 9, 12, and 16 Are Dismissed With Leave to Replead

RCCL moves to strike Affirmative Defenses 9, 12, and 16 because they do not meet the pleading requirements of *Iqbal* and *Twombly*. This Court has previously held that the pleading standard set out in *Iqbal* and *Twombly* applies to affirmative defenses. *Castillo v. Roche Laboratories, Inc.*, 2010 WL 3027726, *2 (S.D. Fla. 2010). Affirmative Defense 9 alleges that RCCL is not entitled to exoneration or limitation of liability because it caused Respondents' injuries intentionally or recklessly. However, there are no facts alleged that would support a claim that RCCL acted intentionally or recklessly. Thus, this defense is nothing more than conclusions. Affirmative Defense 12, that the parasail vessel is an inherently defective and ultra hazardous vessel, and Affirmative Defense 16, that RCCL is jointly and severally liable for the negligent acts of third parties, including but not limited to Niño Abarquez and Ramon Musngi, are also nothing more than conclusions without any supporting facts. Consequently, Affirmative Defenses 9, 12, and 16 are dismissed with leave to replead.

### C. Affirmative Defenses 13 and 14 Are Dismissed With Leave to Replead

RCCL seeks to strike Affirmative Defenses 13 and 14 because they rely on improper legal standards. Affirmative Defense 13 states that RCCL is not entitled to relief because it failed to exercise a high degree of control and supervision so as to avoid the incident in question

and Affirmative Defense 14 states that RCCL is not entitled to relief because the incident occurred as a result of human error. However, the standard of care owed in a maritime case is reasonable care under the circumstances. *Fischer v. S/Y Neraida*, 508 F.3d 586, 594-96 (11th Cir. 2007). Thus, neither of these Affirmative Defenses set out the proper standard. Consequently, they are dismissed with leave to replead. Accordingly, it is hereby

ORDERED that:

1) Royal Caribbean Cruises, Ltd.'s Motion to Strike Affirmative Defenses 2-16 and Motion to Dismiss Counterclaim [DE-29] is GRANTED in part and DENIED in part:

a) The Motion to Dismiss Counterclaim is granted with leave to replead, except for subparagraphs l and m, which are dismissed with prejudice.

b) The Motion to Strike is granted as to Affirmative Defenses 9, 12, 13, 14, and 16 which are stricken with leave to replead. The Motion is denied as to Affirmative Defenses 2-8, 10-11, and 15 which the Court will treat as denials.

2) Respondents shall file Amended Affirmative Defenses and an Amended Counterclaim, in accordance with this Order, by **February 15, 2013**.

DONE and ORDERED in Miami, Florida, this 29 day of January, 2013.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record