UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 12-22000-CIV-SEITZ/SIMONTON

ROYAL CARIBBEAN CRUISES, LTD.,
as owner of the Ocean Pro 31 vessel bearing
Hull Identification No. CNXO0014A303 for
Exoneration from or Limitation of Liability,

       Petitioner/Counter-Respondent,

vs.

DARREN JACKSON and SUSAN MORAVEC,

       Respondents/Counter-Claimants/Third-Party Plaintiffs,

vs.

NINO ABARQUEZ and RAMON MUSNGI,

       Third-Party Defendants.
_____/

## ORDER GRANTING MOTIONS TO QUASH

THIS MATTER is before the Court on Third-Party Defendant Nino Abarquez's Motion to Quash Service and Motion to Dismiss [DE-32] and Third-Party Defendant Ramon Musngi's Motion to Quash Service and Motion to Dismiss [DE-33],[1] Darren Jackson and Susan Moravec's responses [DE-40, 41, 42, 43, 44 & 45][2] and Third-Party Defendants' replies [DE- 46, 47, 48, 49, 50 & 51]. Royal Caribbean Cruises, Ltd. (RCCL) filed this action for exoneration or limitation of liability after Respondents Darren Jackson and Susan Moravec were injured in a parasailing

---

[1] The Motions are virtually identical.

[2] Darren Jackson and Susan Moravec filed three responses to each motion. This is a blatant attempt to circumvent the Court's rules regarding page limitations. In the future, if Darren Jackson and Susan Moravec attempt to file multiple responses to a single motion, or otherwise circumvent page limitations, the Court will strike the filing **without** leave to refile.

accident while on an RCCL cruise. Respondents filed an Answer, sixteen affirmative defenses, a counterclaim against RCCL, and a third-party complaint against the third-party Defendants, Nino Abarquez and Ramon Musngi, for negligence. Abarquez and Musngi move to quash service and to dismiss based on lack of personal jurisdiction and for failing to state a cause of action upon which relief can be granted. Because Abarquez and Musngi have not been properly served, the Motions to Quash are granted and the Motions to Dismiss are denied as moot.

## I. Factual and Procedural Background

On August 22, 2012, Respondents Darren Jackson and Susan Moravec (Plaintiffs) filed their Answer and Affirmative Defenses, Counterclaim and Third-Party Complaint Against Nino Abarquez and Ramon Musngi. The Third-Party Complaint alleges that Plaintiffs, while on a cruise operated by RCCL, purchased and participated in a shore excursion to go parasailing. The shore excursion was operated by RCCL and its employees, including the two third-party defendants, Abarquez and Musngi. While in tow and attached to the parasail canopy, Plaintiffs were lowered back into the parasail vessel by Abarquez and Musngi. At that time, the tow line lost tension and the Plaintiffs fell from midair into the ocean near the stern of the parasail vessel and were injured.

The Returns of Service filed for Abarquez and Musngi indicate that they were served by mailing a copy of the Answer and Affirmative Defenses, Counterclaim and Third Party Complaint to the Secretary of State for Florida. DE-25 & 26. On August 29, 2012, the Secretary of State accepted service for Abarquez and for Musngi. DE-25-1 & 26-1. Plaintiffs then sent to Abarquez, in care of RCCL in Miami, Florida, via certified mail, return receipt requested, a copy of the Answer and Affirmative Defenses, Counterclaim and Third-Party Complaint; the

summons; and the letter from the Secretary of State accepting service of process to Abarquez. DE-25-2. Plaintiffs did the same for Musngi. DE-26-2. Plaintiffs have not provided copies of the return receipts.

Abarquez, according to his Affidavit, is a citizen of the Philippines and does not maintain a residence in Florida. DE-32-1. Abarquez does not maintain a business in Florida, does not own property in Florida, and has never engaged in any substantial activity in Florida. *Id.* According to Abarquez, he received a copy of a letter from Plaintiffs' counsel, along with the summons and Third-Party Complaint, addressed to RCCL's corporate address on or about September 25, 2012 when it was delivered to him in Labadee, Haiti. *Id.* RCCL is not authorized to act as Abarquez's agent for any purpose. *Id.*

According to Musngi's Affidavit, he is a citizen of the Philippines and does not maintain a residence in Florida. DE-33-1. Musngi does not maintain a business in Florida, does not own property in Florida, and has never engaged in any substantial activity in Florida. *Id.* According to Musngi, he received a copy of a letter from Plaintiffs' counsel, along with the summons and Third-Party Complaint, addressed to RCCL's corporate address on or about September 25, 2012 when it was delivered to him in Labadee, Haiti. *Id.* RCCL is not authorized to act as Musngi's agent for any purpose. *Id.*

## II. The Motions to Quash

Abarquez and Musngi move to quash service because the Third-Party Complaint fails to plead a basis for substitute service pursuant to Florida Statute § 48.181, service did not strictly comply with the requirements of Florida Statute §§ 48.181 and 48.161, service under Florida Statute § 48.181 is invalid, and service under Federal Rule of Civil Procedure 4(f) is invalid.

3

Plaintiffs argue that because Abarquez and Musngi admit in their Affidavits that they received the summons and Third-Party Complaint they have received notice and have had an opportunity to respond. Thus, Plaintiffs maintain that service should not be quashed. However, this argument would mean that service would never be quashed when challenged because a party challenging service has obviously received the summons and complaint. Plaintiffs also argue that they should not have to personally serve Abarquez and Musngi because they do not reside in the Philippines and, instead reside in Labadee, Haiti, which is an isolated enclave controlled by RCCL and which is closed to the public. Thus, Plaintiffs' assert that they have no means of access to serve Abarquez and Musngi directly in Haiti. Plaintiffs, however, have failed to cite to any authority that would support this argument. Because service on Abarquez and Musngi was invalid, the motions to quash are granted.

### A. Service Pursuant to Florida Statute § 48.181 is Invalid

Federal Rule of Civil Procedure 4(e) states:

Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
    (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
    (2) doing any of the following:
        (A) delivering a copy of the summons and of the complaint to the individual personally;
        (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
        (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Florida Statute § 48.181(1) states:

> The acceptance by any person or persons, individually or associated together as a copartnership or any other form or type of association, who are residents of any other state or country, and all foreign corporations, and any person who is a resident of the state and who subsequently becomes a nonresident of the state or conceals his or her whereabouts, of the privilege extended by law to nonresidents and others ***to operate, conduct, engage in, or carry on a business or business venture in the state, or to have an office or agency in the state***, constitutes an appointment by the persons and foreign corporations of the Secretary of State of the state as their agent on whom all process in any action or proceeding against them, or any of them, arising out of any transaction or operation connected with or incidental to the business or business venture may be served. The acceptance of the privilege is signification of the agreement of the persons and foreign corporations that the process against them which is so served is of the same validity as if served personally on the persons or foreign corporations.

(emphasis added). Abarquez and Musngi assert that Plaintiffs have not pled sufficient facts to support substitute service under § 48.181(1).

Under Florida law, "[i]n order to serve a nonresident pursuant to section 48.181, the complaint *must* allege specific facts which show that the defendant is conducting business in Florida and that the cause of action arose from business activities within this state." *Newberry v. Rife*, 675 So. 2d 684, 685 (Fla. 2d DCA 1996) (emphasis added). Plaintiffs' Third-Party Complaint alleges that: "Third-Party Defendants Niño Abarquez and Ramon Musngi are believed to be a [sic] non-resident of the State of Florida who is [sic] employed by Florida based Royal Caribbean Cruises Ltd., and who has [sic] engaged in substantial activity within this state." These allegations are insufficient to support substituted service under § 48.181 because they lack specific facts which show that Abarquez and Musngi are conducting business in Florida. Furthermore, the Third-Party Complaint alleges that Plaintiffs' injuries resulted from a parasailing accident in Labadee, Haiti. Thus, their cause of action did not arise from Abarquez and Musngi's business activities within Florida. While Plaintiffs maintain that by virtue of their employment by RCCL Abarquez and Musngi are engaging in business in Florida, Plaintiffs have

not shown, nor can they, that the cause of action arose from business activities within Florida. Accordingly, service made pursuant to § 48.181 must be quashed.[3]

### B. Service Pursuant to Federal Rule of Civil Procedure 4(f) is Invalid

Abarquez and Musngi also move to quash service pursuant to Federal Rule of Civil Procedure 4(f), which states:

> Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served at a place not within any judicial district of the United States:
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
> (C) unless prohibited by the foreign country's law, by:
> (i) delivering a copy of the summons and of the complaint to the individual personally; or
> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
> (3) by other means not prohibited by international agreement, as the court orders.

Abarquez and Musngi assert that it appears that Plaintiffs may have attempted to serve Abarquez and Musngi under Rule 4(f)(2)(C)(ii). However, the attempted service did not comply with the requirements of the Rule because the Clerk did not address the letters to Abarquez and Musngi

---

[3] Abarquez and Musngi also seek to quash service based on Plaintiffs' failure to strictly comply with the requirements of service under § 48.181, which are set out in Florida Statutes § 48.161. However, because Plaintiffs have not alleged sufficient facts to support substituted service, the Court need not address these arguments.

and there was no signed receipt by Abarquez or Musngi. The Court agrees that service of Abarquez and Musngi did not comply with the requirements of Rule 4(f)(2)(C)(ii).

Plaintiffs argue that they have complied with the requirements of Rule 4(f)(2)(C)(ii) because they mailed Abarquez and Musngi the summons and Third-Party Complaint in care of RCCL via registered mail, return receipt requested. Plaintiffs cite to Judge King's decision in *Balachander v. NCL (Bahamas), Ltd.*, Case No. 11-21064 (June 3, 2011), for the proposition that this type of service is proper under Rule 4(f). However, in *Balachander*, Judge King did not find that service on the defendant's employer, NCL, was proper, instead, he found that service by mail, which invloved directly mailing the summons and complaint to the defendant's last known address in the Philippines and requiring a signature by the recipient was proper. These are not the facts here. There are no allegations or documents that would establish that Plaintiffs mailed the summons and Third-Party Complaint to Abarquez and Musngi at their last known addresses in the Philippines. Thus, *Balachander* is inapposite. In a more analogous case, Judge Altonaga found that service was not proper under Rule 4(f)(2)(C)(ii) when process was sent to the defendant's work place in Spain via Federal Express and signed for by a receptionist. *Intelsat Corp. v. Multivision TV LLC*, 736 F. Supp. 2d 1334, 1341-42 (S.D. Fla. 2010). Judge Altonaga noted that service was not proper under Rule 4(f)(2)(C)(ii) because the Clerk did not address and send the documents and the delivery receipt was not signed by the defendant himself. *Id.* Consequently, the motions to quash are granted.[4]

---

[4]Because process is quashed, the Court does not have jurisdiction to reach the motions to dismiss for lack of personal jurisdiction or for failure to state a cause of action. However, assuming that Plaintiffs will properly serve Abarquez and Musngi, Plaintiffs should be guided by the Court's Order Granting Motion to Dismiss Counterclaim [DE-54], in which the Court found that Plaintiffs had failed to adequately plead their negligence claim against RCCL. Furthermore,

Accordingly, it is hereby

ORDERED that:

1) Third-Party Defendant Nino Abarquez's Motion to Quash Service and Motion to Dismiss [DE-32] and Third-Party Defendant Ramon Musngi's Motion to Quash Service and Motion to Dismiss [DE-33] are GRANTED in part and DENIED in part:

    a) The Motions to Quash are GRANTED.

    b) The Motions are DENIED in all other respects.

2) Claimants' Motions to Stay Ruling on Personal Jurisdiction Pending 90 Days of Jurisdictional Discovery [DE-42 & 45] are DENIED as moot.

DONE and ORDERED in Miami, Florida, this 7th day of February, 2013.

*[signature]*
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:    All Counsel of Record

---

even if the Plaintiffs are able to properly serve Abarquez and Musngi, it would seem unlikely that this Court will have personal jurisdiction over either of them, given that it appears that Abarquez's and Musngi's only contacts with Florida are that their employer is located here and the ships on which they work may sail into Miami, Florida.